# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Criminal Case No: 1:06CR60

KELLI FREEMAN,

        Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Kelli Freeman, in person and by counsel, Joseph J. Harris, appeared before me on August 9, 2006. The Government appeared by Shawn Angus Morgan, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant's counsel as to Defendant's understanding of her right to have an Article III Judge hear her plea and her willingness to waive that right, and instead have a Magistrate Judge hear her

plea. Thereupon, the Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Kelli Freeman, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court she understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated June 26, 2006, and signed by her on July 6, 2006, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. Counsel for Defendant requested time to consult

further with his client relative to the clause in paragraph 7 (non-binding recommendations) establishing payment of the $100.00 special assessment as a condition precedent to the Government's recommendation. The request was granted. Counsel for Defendant expressed some concern that Defendant may not have the financial wherewithal to pay the $100.00 special assessment prior to or at sentencing. The undersigned pointed out that the language of the agreement was clear and that the Court had no part in the negotiation of that language and would not rewrite the same for the parties. Counsel for Defendant had further private consultation with Defendant. Thereafter, the undersigned continued with the Rule 11 colloquy after being assured by Defendant's responses to questions that she understood the terms of her agreement with the United States Attorney's office encompassed by the plea agreement and did not need further time to consider the same or to consult with her counsel with regard to the same.

      The undersigned Magistrate Judge inquired of Defendant and her counsel relative to Defendant's knowledge and understanding of her constitutional right to proceed by Indictment and the voluntariness of her Consent to Proceed by Information and of her Waiver of her right to proceed by Indictment, to which Defendant and her counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged her voluntary waiver of her right to proceed by Indictment and her agreement to voluntarily proceed by Information. Defendant and her counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

      The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding aspects of said amended written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court

Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the amended plea agreement or pre-sentence report.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government, as to the non-binding Stipulation contained in the written Plea Agreement, that provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, on or about May 5, 2006, at or near Clarksburg, Harrison County, within the Northern District of West Virginia and within one thousand (1000) feet of the Monticello Avenue playground, the defendant, Kelli Freeman, unlawfully, knowingly and intentionally distributed approximately 1.6 grams of cocaine base, also known as "crack,' a Schedule II drug controlled substance, to a person known to the United States Attorney in exchange fo $200.00. The parties further stipulate and agree that the defendant's total relevant conduct in this case, is at least five (5) grams but less than twenty (20) grams of cocaine base, all of which was distributed within 1000' of a playground.

From his inquiry, the undersigned finds the parties understand that the Court is not bound by the above stipulation and is not required to accept same. Further, Defendant understands and agrees that should the Court not accept the above stipulation, the defendant will not have the right to withdraw her plea of Guilty.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained in the one-count Information, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected. Defendant and her

counsel each acknowledged their understanding and Defendant maintained her desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with her attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her; understood that the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of at least one (1) and not more than forty (40) years; understood that a fine of not more than $2,000,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood she would be subject to at least six (6) years of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that the Court may require her to pay the costs of her incarceration and supervised release; understood that her actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her conditional waiver of her appellate rights as contained in her written plea agreement and determined she understood those rights and, subject to the condition set forth in the agreement, voluntarily gave them up as part of the written plea agreement.

The undersigned Magistrate Judge further examined Defendant and determined she understood that the United States Sentencing Guidelines are now advisory and no longer mandatory. Defendant

further understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 21 of the United States Code for the offense of conviction.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging her with distributing 1.6 grams of cocaine base, also known as "crack." within one thousand (1000) feet of a playground, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860.

The Government was prepared to offer a witness, Officer Brian Purkey, to testify as to the basis in fact for the Information and plea agreement. In light of the particularity of the parties' written stipulation, the Court inquired if there was a need for Mr. Purkey's testimony to support an independent basis in fact for the plea. Counsel for the Government represented that the Defendant's counsel had been shown the video of the buy and Defendant had been shown stills of the drug deal. Officer Purkey would testify that Defendant had made the deal, obtained the drugs from a source, and returned to complete the sale.

Defendant expressly represented that she accepted and was willing to rely on the parties' agreed stipulation. Defendant also represented that she believed the Government would be able to prove all the elements of the offense alleged in the one-count information. She further agreed the Government would be able to prove the playground in question had three or more apparatuses. Finally, she testified she understood she had a right to hear Mr. Purkey's testimony, but that the stipulation would suffice as an independent basis in fact in support of her plea.

Defendant then testified that somebody wanted some crack, and she knew where to get it, went

6

and got it for the person, and gave it to the person. She knew she was committing "another felony." The sale took place on Monticello Avenue in or next to the Vet's Club.

From the stipulation of the parties, the proffer of the Assistant United States Attorney as to what Officer Brian Purkey would testify to if called, which proffer was accepted by Defendant, the in court waiver of the Defendant of calling Officer Brian Purkey to the witness stand to testify under oath to the same facts contained in the written stipulation (paragraph 9 of the plea agreement) and the testimony of Defendant, the undersigned United States Magistrate Judge concludes the offense charged in the one-count Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Thereupon, with the consent of her counsel, Joseph J. Harris and after the undersigned: 1) read the one count information to her for the second time breaking it down to the required elements of the charged offense; 2) explained that, only if the Defendant believed the United States could prove each of the elements of the charged offense would the undersigned receive and recommend any plea of guilty be accepted by the District Judge; and 3) again advised Defendant that the Court could reject the non-binding recommendations contained in paragraph 7 and the non-binding stipulation in paragraph 9 of her plea agreement and impose a sentence that may be more harsh than she would have received had the District Judge accepted the non-binding recommendations and stipulation all without permitting her to withdraw her guilty plea, Defendant, Kelli Freeman entered a verbal plea of **GUILTY** to the felony charge contained in the one-count Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in the one-count Information.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the

Defendant be adjudged guilty on said charge as contained in said one-count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

The parties jointly requested an expedited pre-sentence investigation and sentencing. They represented to the Court that Defendant was already incarcerated pursuant to a supervised release violation, and that she had only been on supervised release a little more than 8 weeks before the first controlled buy was made. There would therefore not be a large period of time to investigate for purposes of a pre-sentence investigation. The undersigned stated he would add the request for an expedited pre-sentence report to the Recommendation in this matter and forward the request to the Adult Pretrial Services Officer and the District Judge presiding over the case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Defendant is continued in the custody of the United States Marshal pending further proceedings in this matter.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel

of record.

      Respectfully submitted this 9th day of August, 2006.

                                      **/s** *John S. Kaull*
                                      JOHN S. KAULL
                                      UNITED STATES MAGISTRATE JUDGE